Ahmed Riaz, Esq.
ARENTFOX SCHIFF LLP
1301 6th Ave, 42nd Floor
New York, New York 10019
Tel: (212) 484-3900
Email: ahmed.riaz@afslaw.com

*Attorneys for Plaintiff*
*Fresenius Kabi USA, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRESENIUS KABI USA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENDO OPERATIONS LIMITED, ENDO USA, INC., AND ENDO INTERNATIONAL PLC,<br><br>Defendants. | Civil Action No. 25-cv-2861 |

**COMPLAINT**

Fresenius Kabi USA, LLC ("Fresenius Kabi" or "Plaintiff"), by its undersigned attorneys, for its complaint against Defendants Endo Operations Limited ("EOL"), Endo USA, Inc. ("Endo USA"), and Endo International PLC ("Endo International") (collectively, "Endo" or "Defendants") alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of U.S. Patent Nos. 9,782,376 ("the '376 patent"), 10,398,669 ("the '669 patent"), and 11,135,190 ("the '190 patent") (collectively, "patents-in-suit"), arising under the United States patent laws, Title 35 United States Code, § 100 *et. seq.*, including 35 U.S.C. §§ 271 and 281.

2. This action relates to Defendants' filing of New Drug Application ("NDA") No. 217130 under Section 505(b)(2) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(b)(2), seeking U.S. Food and Drug Administration ("FDA") approval to manufacture, use, import, offer to sell, and/or sell levothyroxine sodium injection 100 mcg/5 mL (20 mcg/mL), 200 mcg/5 mL (40 mcg/mL), and 500 mcg/5 mL (100 mcg/mL) ("Endo's NDA Products") before expiration of the patents-in-suit.

## THE PARTIES

3. Fresenius Kabi is a corporation organized and existing under the laws of the State of Delaware, having its corporate headquarters at Three Corporate Drive, Lake Zurich, Illinois 60047.

4. On information and belief, EOL is a private company limited by shares organized and existing under the laws of Ireland with a registered address at First Floor, Minerva House, Simmonscourt Road, Ballsbridge, Dublin 4, D04H9P8, Ireland.

5. On information and belief, EOL has a regular place of business at 300 Tice Blvd., Suite 230, Woodcliff Lake, New Jersey 07677.

6. On information and belief, EOL is an affiliate of Endo USA, which is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 9 Great Valley Parkway, Malvern, Pennsylvania 19355.

7. On information and belief, Endo USA has a regular place of business at 300 Tice Blvd., Suite 230, Woodcliff Lake, New Jersey 07677.

8. On information and belief, EOL and Endo USA are wholly owned subsidiaries of Endo International, which is a public limited company organized and existing under the laws of Ireland with a registered address at KPMG, 1 Stokes Place, Saint Stephen's Green, Dublin 2, Dublin, D02 DE03, Ireland.

9. On information and belief, Endo International has its principal place of business at 9 Great Valley Parkway, Malvern, Pennsylvania 19355.

## JURISDICTION AND VENUE

10. This action for patent infringement arises under 35 U.S.C. § 1 *et. seq.* generally and 35 U.S.C. § 271 specifically.

11. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12. Endo has litigated previous Hatch-Waxman patent litigation disputes in the District of New Jersey. *See, e.g.*, *Endo USA, Inc. v. Gland Pharma Limited*, No. 24-cv-11529, Dkt. 1 (Dec. 31, 2024); *Nexus Pharms., LLC v. Endo Operations Ltd.*, No. 22-cv-5683, Dkt. No. 27 (D.N.J. Nov. 15, 2022); *Nexus Pharms., LLC v. Endo Operations Ltd.*, No. 22-cv-5683, Dkt. No. 243 (D.N.J. Mar. 5, 2024); *Individior Inc. v. Par Pharm., Inc.*, No. 18-cv-5293, Dkt. No. 9 (D.N.J. May 21, 2018).

13. This Court also has personal jurisdiction over Endo because Endo's contacts within this Judicial District are continuous and systematic. Based on their addresses and registrations, EOL and Endo USA maintain a regular and principal place of business in New Jersey.

14. On information and belief, EOL holds itself out as a wholly-owned subsidiary of Endo International.

15. On information and belief, Endo USA holds itself out as a wholly-owned subsidiary of Endo International.

16. On information and belief, EOL, Endo USA, and Endo International act and operate in concert to directly or indirectly manufacture, market, offer for sale, and sell drug products throughout the United States and this Judicial District.

17. On information and belief, Endo operates and maintains a place of business at 300 Tice Blvd., Suite 230, Woodcliff Lake, New Jersey 07677.

18. On information and belief, Endo operates and maintains a place of business at 8 Clarke Drive, Cranbury, New Jersey 08512.

19. On information and belief, Endo USA is registered with the State of New Jersey's Department of Treasury, Division of Revenue, registration number 0451072158, registered on January 16, 2024.

20. On information and belief, Endo develops, manufactures, seeks approval for, and sells FDA-approved generic pharmaceutical products that are regularly marketed, distributed, offered for sale, and sold in New Jersey and throughout the United States. Thus, on information and belief, Endo does substantial business in New Jersey, derives substantial revenue from New Jersey, and engages in other persistent courses of conduct in New Jersey. These continuous and systematic contacts, including but not limited to those describe above and below, are more than sufficient for this Court to exercise personal jurisdiction over Endo.

21. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, on information and belief, Endo USA is registered to do business in New Jersey with an entity number 0451072158. On information and belief, Endo operates and maintains regular and established places of business in New Jersey. On information and belief, Endo by and/or through its representatives and affiliates make contacts in this Judicial District for the purposes of marketing and selling Endo's pharmaceutical products.

## THE PATENTS-IN-SUIT

22. The FDA publishes a database entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book").

23. Fresenius Kabi is the holder of NDA No. 210632 for Levothyroxine Sodium injection, which the FDA approved on April 11, 2019. Fresenius Kabi currently sells Levothyroxine Sodium injection in the United States.

24. The '376 patent, entitled "Levothyroxine Liquid Formulations," was duly and legally issued on October 10, 2017, naming Arunya Usayapant and Basma M. Ibrahim as the inventors. A true and correct copy of the '376 patent is attached hereto as Exhibit A.

25. Fresenius Kabi is the assignee to, and lawfully owns all right, title, and interest in, the '376 patent, including the right to sue and to recover for infringement thereof.

26. In accordance with 21 U.S.C. § 355(b)(1), the '376 patent is listed in the Orange Book in connection with approved NDA No. 210632 as a patent claiming Fresenius Kabi's NDA drug product or a method of using that drug and "with respect to which a claim or patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."

27. As listed in the Orange Book, the '376 patent is currently not due to expire until at least December 1, 2036.

28. The '669 patent, entitled "Levothyroxine Liquid Formulations," was duly and legally issued on September 3, 2019, naming Arunya Usayapant and Basma M. Ibrahim as the inventors. A true and correct copy of the '669 patent is attached hereto as Exhibit B.

29. Fresenius Kabi is the assignee to, and lawfully owns all right, title, and interest in, the '669 patent, including the right to sue and to recover for infringement thereof.

30. In accordance with 21 U.S.C. § 355(b)(1), the '669 patent is listed in the Orange Book in connection with approved NDA No. 210632 as a patent claiming Fresenius Kabi's NDA drug product or a method of using that drug and "with respect to which a claim of patent

infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."

31. As listed in the Orange Book, the '669 patent is not due to expire until at least December 1, 2036.

32. The '190 patent, entitled "Levothyroxine Liquid Formulations," was duly and legally issued on October 5, 2021, naming Arunya Usayapant and Basma M. Ibrahim as the inventors. A true and correct copy of the '190 patent is attached hereto as Exhibit C.

33. Fresenius Kabi is the assignee to, and lawfully owns all right, title, and interest in, the '190 patent, including the right to sue and recover for infringement thereof.

34. In accordance with 21 U.S.C. § 355(b)(1), the '190 patent is listed in the Orange Book in connection with approved NDA No. 210632 as a patent claiming Fresenius Kabi's NDA drug product or a method of using that drug and "with respect to which a claim of patent infringement could reasonably be asserted in a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."

35. As listed in the Orange Book, the '190 patent is currently not due to expire until at least December 1, 2036.

## ENDO'S NDA NO. 217130

36. On information and belief, Endo submitted NDA No. 217130 to the FDA under § 505(b)(2) of the Federal Food, Drug, and Cosmetic Act, seeking FDA approval to engage in the commercial manufacture, use, importation, offer for sale, or sale of Endo's NDA Products.

37. On information and belief, EOL is the owner of NDA No. 217130.

38. In submitting its NDA No. 217130, Endo was required to identify any drug upon which the NDA relied for approval of Endo's NDA Products and to submit a certification regarding the patents that are listed in the Orange Book for this drug. 21 U.S.C. § 355(b)(2).

39. Endo identified Fresenius Kabi's NDA No. 210632 as the reference listed drug upon which Endo's NDA No. 217130 relied in seeking approval. The Orange Book identifies Fresenius Kabi as the holder of NDA No. 210632.

40. Endo submitted a certification pursuant to Section 505(b)(2)(A)(iv) ("Paragraph IV Certification") that the patents listed for NDA No. 210632 will not be infringed by the commercial manufacture, use, or sale of Endo's NDA Products.

41. Endo sent a letter dated March 6, 2025, purporting to be a Notice of Paragraph IV Certification for NDA No. 217130 ("the Notice Letter").

42. In the Notice Letter, Endo provided some basic and general background information. Endo indicated that the active ingredient of Endo's NDA Products is levothyroxine sodium. Endo further indicated that the proposed strengths of Endo's NDA Products are 100 mcg/5 mL (20 mcg/mL), 200 mcg/5 mL (40 mcg/mL), and 500 mcg/5 mL (100 mcg/mL). Endo also stated that the proposed dosage form of Endo's NDA Products is an intravenous solution.

43. On information and belief, NDA No. 217130 seeks approval of a generic levothyroxine sodium injection product that is the same, or substantially the same, as commercially marketed and approved products that are the subject of Fresenius Kabi's NDA.

44. On information and belief, if NDA No. 217130 is approved by the FDA before the expiration of the patents-in-suit, Endo will begin manufacturing, using, importing, offering for sale, and/or selling Endo's NDA Products in the United States despite the patents-in-suit.

45. Based on its Paragraph IV Certification, Endo was aware of the patents-in-suit when it submitted NDA No. 217130 to the FDA, which NDA contained the above-described Paragraph IV Certification concerning the patents-in-suit.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,782,376

46. Fresenius Kabi incorporates and realleges each of the above paragraphs here.

47. The submission of NDA No. 217130 was an act of infringement by Endo of one or more claims of the '376 patent under 35 U.S.C. § 271(e)(2). In the event that Endo commercially manufactures, imports, uses, offers for sale, or sells Endo's NDA Products, said actions would constitute infringement of the '376 patent under 35 U.S.C. § 271(a).

48. On information and belief, Endo's NDA Products are covered by each claim of the '376 patent.

49. On information and belief, Endo's commercial manufacture, importation, use, sale, and/or offer for sale of Endo's NDA Products before the expiration of the '376 patent would directly infringe the claims of the '376 patent.

50. The '367 patent has thirty (30) claims directed to a liquid formulation containing levothyroxine.

51. Independent claim 1 of the '376 patent is directed to:

> A liquid formulation comprising levothyroxine or a pharmaceutically acceptable salt thereof; about 1 mg/mL to about 50 mg/mL of tromethamine; about 10 mcg/mL to about 500 mcg/mL of sodium iodide; and water; wherein the formulation has a pH of about 9.0 to about 11.5, and wherein the formulation is stable for at least 12 months at 25±2°C.

52. Before this lawsuit was filed, and pursuant to an Offer of Confidential Access, Endo produced its NDA, along with a confidentiality designation. Information contained therein confirms that Endo meets each and every limitation of at least claim 1 of the '376 patent, either literally or under the doctrine of equivalents.

53. On information and belief, unless enjoined by this Court, Endo plans and intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation

8

of Endo's NDA Products with its proposed labeling immediately following approval of NDA No. 217130 and before the expiration of the '376 patent.

54. On information and belief, unless enjoined by this Court, upon FDA approval of Endo's NDA No. 217130, Endo will infringe, either literally or under the doctrine of equivalents, one or more claims of the '376 patent by engaging in the manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Endo's NDA Products.

55. Based on its certification, Endo has been aware of the existence of the '376 patent since before the submission of NDA No. 217130.

56. On information and belief, Endo has no reasonable basis for believing that Endo's NDA Products will not infringe one or more valid claims of the '376 patent and no reasonable basis for believing that the infringed claims are invalid.

57. This case is "exceptional," as that term is used in 35 U.S.C. § 285.

58. The acts of infringement by Endo set forth above will cause Fresenius Kabi irreparable harm for which it has not adequate remedy at law, and those acts will continue unless enjoined by this Court.

59. Fresenius Kabi is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Endo's NDA No. 217130 to be a date that is not any earlier than the expiration of the '376 patent, including any extensions of that date.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,398,669

60. Fresenius Kabi incorporates and realleges each of the above paragraphs here.

61. The submission of NDA No. 217130 was an act of infringement by Endo of one or more claims of the '669 patent under 35 U.S.C. § 271(e)(2). In the event that Endo commercially

manufactures, imports, uses, offers for sale, or sells Endo's NDA Products, said actions would constitute infringement of the '669 patent under 35 U.S.C. § 271(a).

62. On information and belief, Endo's NDA Products are covered by each claim of the '669 patent.

63. On information and belief, Endo's commercial manufacture, importation, use, sale, and/or offer for sale of Endo's NDA Products before the expiration of the '669 patent would directly infringe the claims of the '669 patent.

64. The '669 patent has seventeen (17) claims directed to liquid formulations containing levothyroxine.

65. Independent claim 1 of the '669 patent is directed to:

> A liquid formulation comprising levothyroxine or a pharmaceutically acceptable salt thereof; a stabilizing agent comprising tromethamine; not more than 2% liothyronine (T3); and water; wherein the formulation retains at least about 95% of the initial concentration of levothyroxine or pharmaceutically acceptable salt thereof after storage for 12 months at 25±2 °C., and retains at least about 95% of the initial concentration of levothyroxine or pharmaceutically acceptable salt thereof after storage for 2 months at 40±2 °C.

66. Before this lawsuit was filed, and pursuant to an Offer of Confidential Access, Endo produced its NDA, along with a confidentiality designation. Information contained therein confirms that Endo's NDA Products meet each and every limitation of at least claim 1 of the '669 patent, either literally or under the doctrine of equivalents.

67. On information and belief, unless enjoined by this Court, Endo plans and intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Endo's NDA Products with Endo's proposed labeling immediately following approval of NDA No. 217130 and before the expiration of the '669 patent.

68. On information and belief, unless enjoined by this Court, upon FDA approval of Endo's NDA No. 217130, Endo will infringe, either literally or under the doctrine of equivalents, one or more claims of the '669 patent by engaging in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Endo's NDA Products.

69. Based on its certification, Endo has been aware of the existence of the '669 patent since before the submission of NDA No. 217130.

70. On information and belief, Endo has no reasonable basis for believing that Endo's NDA Products will not infringe one or more valid claims of the '669 patent and no reasonable basis for believing that the infringed claims are invalid.

71. This case is "exceptional," as that term is used in 35 U.S.C. § 285.

72. The acts of infringement by Endo set forth above will cause Fresenius Kabi irreparable harm for which it has no adequate remedy at law, and those acts will continue unless enjoined by this Court.

73. Fresenius Kabi is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Endo's NDA No. 217130 to be a date that is not any earlier than the expiration date of the '669 patent, including any extensions of that date.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 11,135,190

74. Fresenius Kabi incorporates and realleges each of the above paragraphs here.

75. The submission of NDA No. 217130 was an act of infringement by Endo of one or more claims of the '190 patent under 35 U.S.C. § 217(e)(2). In the event that Endo commercially manufactures, imports, uses, offers for sale, or sells Endo's NDA Products, said actions would constitute infringement of the '190 patent under 35 U.S.C. § 271(a).

76. On information and belief, Endo's NDA Products are covered by each claim of the '190 patent.

77. On information and belief, the commercial importation, manufacture, use, sale, and/or offer for sale of Endo's NDA Products by Endo before the expiration of the '190 patent would directly infringe the claims of the '190 patent.

78. The '190 patent has sixteen (16) claims directed to levothyroxine compositions.

79. Independent claim 1 of the '190 patent is directed to:

> A pharmaceutical product comprising a liquid formulation comprising levothyroxine or a pharmaceutically acceptable salt thereof, a stabilizing agent comprising an amine selected from one or more of tromethamine, bis(2-hydroxyethyl)-imino-tri(hydroxymethyl)methane, monoethanolamine, triethanolamine, 2-amino-2-methyl-1,3-propanediol, 2-dimethylamino-2-methyl-l-propanediol, 2-amino-2-ethylpropanol, 2-amino-1-butanol, and 2-amino-2-mythyl-1-propanol, and water, wherein the formulation retains at least 95% of the initial concentration of levothyroxine or pharmaceutically acceptable salt thereof after storage for two months at 40 °C. and retains at least 95% of the initial concentration of levothyroxine or pharmaceutically acceptable salt thereof after storage for at least 12 months at room temperature.

80. Before this lawsuit was filed, and pursuant to an Offer of Confidential Access, Endo produced its NDA, along with a confidentiality designation. Information contained therein confirms that Endo meets each and every limitation of at least claim 1 of the '190 patent, either literally or under the doctrine of equivalents.

81. On information and belief, unless enjoined by this Court, Endo plans and intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Endo's NDA Products with its proposed labeling immediately following approval of NDA No. 217130 and before the expiration of the '190 patent.

82. On information and belief, unless enjoined by this Court, upon FDA approval of Endo's NDA No. 217130, Endo will infringe, either literally or under the doctrine of equivalents,

12

one or more of the claims of the '190 patent by engaging in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Endo's NDA Products.

83. Based on its certification, Endo has been aware of the existence of the '190 patent since before the submission of NDA No. 217130.

84. On information and belief, Endo has no reasonable basis for believing that Endo's NDA Products will not infringe one or more valid claims of the '190 patent and no reasonable basis for believing that the infringed claims are invalid.

85. This case is "exceptional," as that term is used in 35 U.S.C. § 285.

86. The acts of infringement by Endo set forth above will cause Fresenius Kabi irreparable harm for which it has no adequate remedy at law, and those acts will continue unless enjoined by this Court.

87. Fresenius Kabi is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Endo's NDA No. 217130 to be a date that is not any earlier than the expiration date of the '190 patent, including any extensions thereto.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Fresenius Kabi respectfully requests the following relief:

A. Judgment in favor of Fresenius Kabi against Defendants;

B. Judgment, pursuant to 35 U.S.C. §§ 271(e)(2) and 271(a), that Defendants have infringed the patents-in-suit by the submission of NDA No. 217130, and that the importation, sale, offer for sale, use, and/or manufacture of Endo's NDA Products, in the United States, would infringe the patents-in-suit;

C. Judgment pursuant to 35 U.S.C. § 271(e)(4)(A) and other provisions of 35 U.S.C. § 271, that the effective date of approval of NDA No. 217130 shall be a date not earlier

than the date of expiration of the patents-in-suit plus any additional periods of exclusivity;

D. A preliminary and permanent injunction, pursuant to 35 U.S.C. §§ 271 and 283 and Federal Rule of Civil Procedure 65, enjoining Defendants, and their officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of Endo's NDA Products, before the expiration of the patents-in-suit, inclusive of any additional periods of exclusivity;

E. A declaration that this is an exceptional case and an award to Fresenius Kabi of its reasonable attorneys' fees and expenses, as provided by 35 U.S.C. §§ 271(e)(4) and 285;

F. Damages or other monetary relief, including prejudgment interest, to the extent that Defendants engage in the commercial manufacture, use, offering to sell, sale, marketing, distribution, or importation of Endo's NDA Products, or any other products that would infringe the patents-in-suit prior to their expiration;

G. An award of prejudgment and post-judgment interest on each and every award;

H. An award of Fresenius Kabi's taxable costs in bringing and prosecuting this action; and

I. Such other and further relief to Fresenius Kabi as this Court may deem just and proper.

*Ahmed M.T. Riaz*
_____
Ahmed Riaz, Esq.
ARENTFOX SCHIFF LLP
1301 6th Ave, 42nd Floor
New York, New York 10019
Tel: (212) 484-3900
Email: ahmed.riaz@afslaw.com

OF COUNSEL:
Imron T. Aly
Matthew T. Wilkerson
ArentFox Schiff LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
(312) 258-5500

*Attorneys for Plaintiff*
*Fresenius Kabi USA, LLC*

Dated: April 18, 2025